```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF VIRGINIA
                    Norfolk Division
```

**J.S., a minor, by his mother and**
**next friend, SHARON DUCK,**

        **Plaintiff,**

  **v.**                                     **CIVIL ACTION NO. 2:05cv76**

**ISLE OF WIGHT COUNTY SCHOOL BOARD,**
**DR. MICHAEL W. MCPHERSON, RON M. REESE,**
**THEODORE DURNIAK, A. GENE LOWERY,**
**KENNETH M. BUNCH, and BARBARA B. OLIN,**

        **Defendants.**

## MEMORANDUM OPINION AND FINAL ORDER

This case comes before the court on Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, the motion is **GRANTED**.

## I. Factual and Procedural History

The facts of this case have been described extensively in this court's Opinion dated March 25, 2005, published as <u>J.S. v. Isle of Wight County School Board</u>, 2005 U.S. Dist. LEXIS 5246 *17-*22 (E.D. Va. 2005). Plaintiff J.S. is a high school student who was suspended from Windsor High School ("WHS") in January 2005 and transferred to an "alternative school" for the remainder of the school year due to a disciplinary situation involving accusations of a sexual nature by a seventh-grade girl. J.S. is learning disabled and had an Individualized Education Plan in place at WHS.

Compl. at ¶ 27. Plaintiff filed the instant lawsuit on February 7, 2005, suing the Isle of Wight County School Board and various individual defendants pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges that his due process rights were violated when defendants suspended him without following the school board's own regulations. Plaintiff further alleges that defendants violated a court order issued in a previous lawsuit, and that defendants unlawfully retaliated against plaintiff after he filed that previous lawsuit. Plaintiff requests both monetary damages and injunctive relief.

On February 18, 2005, plaintiff filed a Motion for Issuance of a Preliminary Injunction, asking the court to issue an injunction requiring defendants to readmit plaintiff to WHS pending resolution of this case. A hearing was held on March 11, 2005. The court issued an Opinion on March 25, 2005, denying the motion, finding that plaintiff did not demonstrate irreparable harm or a likelihood of success on the merits, as is required by <u>Blackwelder Furniture Co. v. Seilig Mfg. Co.</u>, 550 F.2d 189 (4th Cir. 1977).

The instant motion to dismiss was filed on March 14, 2005. Plaintiff responded on April 5, 2005, after receiving an extension of time in which to respond, and defendants replied on April 6, 2005. The motion is now ripe for review. Defendants argue that (1) plaintiff fails to state a claim under § 1983, (2) the court does not have subject matter jurisdiction over plaintiff's claim

that defendants violated a court order in a previous action, (3) plaintiff fails to state a claim against the individual defendants, and (4) plaintiff fails to state a claim for injunctive relief.

## II. Standard of Review

A complaint should not be dismissed pursuant to Rule 12(b)(6) for failure to state a claim unless it appears to a certainty that the nonmoving party cannot prove any set of facts in support of its claim that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court must accept the complaint's factual allegations as true and view all allegations in the light most favorable to the nonmoving party. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993).

## III. Analysis

In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court held that a plaintiff suing under § 1983 must plead only two allegations in order to state a claim: (1) plaintiff must allege that some person has deprived him of a federal right, and (2) plaintiff must allege that the person who deprived him of that right was acting under color of state law. Id. at 640. Subsequent to this decision, however, most circuit courts of appeals and lower courts imposed upon § 1983 claimants a "heightened" pleading obligation that "rejects vague and conclusory assertions and requires specific factual allegations demonstrating a deprivation

3

of federal rights under color of state law." Martin A. Schwartz, 1 <u>Section 1983 Litigation: Claims and Defenses</u> § 1.06[A] (Aspen 2005) (citing cases).

The heightened pleading requirement for § 1983 claims was rejected by the Supreme Court in <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 164 (1993). In that case, the Court held that the heightened pleading requirement for § 1983 claims could not be squared with the language of Federal Rule of Civil Procedure 8, which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." 507 U.S. at 168. Thus, the Court reasoned, it is inconsistent both with Rule 8 and with the Court's ruling in <u>Conley v. Gibson</u>, 355 U.S. 41, 45–46 (1957), for lower courts to require a heightened pleading standard in § 1983 suits. There are still certain allegations that must be made in a § 1983 complaint, however, in order to state a claim for municipal liability or individual liability.

**A.  Plaintiff Fails to State a Claim for Municipal Liability Under § 1983 Against the School Board**

In order to state a § 1983 claim against a municipality, or a subdivision thereof, a plaintiff must plead "the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." <u>Jordan v. Jackson</u>, 15 F.3d 333, 338 (4th Cir. 1994). To

hold a municipality liable for a single decision or violation, "the decisionmaker must possess final authority to establish municipal policy with respect to the action ordered." Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2003) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986)).  There is no respondeat superior liability under § 1983; thus the school board as an entity cannot be held liable for decisions committed to the discretion of individual actors.  Id.

Plaintiff does not allege that a policy or custom of the school board proximately caused the alleged due process violations he suffered.  Rather, plaintiff argues the opposite: that his due process rights were violated, in part, by the individual defendants acting *contrary* to the school board's policy.  Compl. at ¶ 38.  As respondeat superior liability is not available under § 1983, the school board cannot be held liable for acts committed by the individual defendants.  Since no official municipal policy is alleged to have violated plaintiff's constitutional rights, plaintiff's claim against the Isle of Wight County School Board is dismissed.

**B.  Plaintiff Fails to State a Claim Against the Individual Defendants**

   **1.  Official Capacity Claims**

Plaintiff also sues various individual defendants, in both their individual and official capacities.  An individual-capacity

5

suit seeks to impose personal liability on a government official for actions taken under color of state law, whereas an official-capacity suit "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n.55 (1978). A § 1983 lawsuit brought against an individual in his official capacity is therefore duplicative of a claim brought against the municipality. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Love-Lane, 355 F.3d at 783.

Plaintiff has sued Michael McPherson, Ron Reese, and Theodore Durniak, officials of the Isle of Wight County Public Schools, and A. Gene Lowery, Kenneth Bunch, and Barbara Olin, members of the Isle of Wight County School Board. All these defendants are sued in both their individual and official capacities, with the exception of Theodore Durniak, who is sued only in his official capacity. Compl. at ¶ 4. The official-capacity claims against Lowery, Bunch, and Olin are duplicative of the claim against the Isle of Wight County School Board, and are dismissed accordingly. As plaintiff failed to allege that any policy of the Isle of Wight County Public Schools caused the alleged constitutional violations, any suit against that entity would also be dismissed, and therefore the claims against McPherson, Reese, and Durniak in their official capacities are dismissed as well.

**2. Qualified Immunity**

The defense of qualified immunity can be asserted by officials sued for monetary relief in their individual capacities. The Supreme Court set out the standard for the qualified immunity defense in Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), holding that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. The standard, therefore, is one of objective reasonableness, and it "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

It cannot be said that J.S.'s alleged constitutional right to greater process before being suspended and sent to the alternative school was clearly established. In the March 25, 2005, Opinion in this case, this court analyzed the relevant law regarding the due process rights of students facing suspension or expulsion. The court concluded that, given the totality of the circumstances surrounding J.S.'s suspension, it was "questionable at best" whether he had a constitutional right to greater process than he was afforded: he was given multiple hearings, he was allowed to present his version of events to the decisionmakers, and he was informed, in writing, of the charge against him. J.S. v. Isle of

Wight County School Board, 2005 U.S. Dist. LEXIS 5246 *17-*22 (E.D. Va. 2005). Under Harlow qualified immunity, "[o]fficials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir. 1992). Because plaintiff cannot demonstrate that the due process rights to which he alleges entitlement were clearly established, the individual defendants are protected by qualified immunity. Therefore, the claims against the individual defendants in their individual capacities are dismissed.

**C. Plaintiff's Claim that Defendant Violated a Previous Court Order**

Count II of plaintiff's complaint alleges that defendants are in violation of an order issued in another case previously filed by plaintiff. Specifically, plaintiff contends that defendants have not provided transportation to plaintiff or reimbursed his mother for transportation expenses, nor have defendants complied with the existing Individualized Education Plan or executed a new one. Compl. at ¶¶ 44-45.

The order to which plaintiff refers was issued by United States Magistrate Judge Tommy E. Miller on November 12, 2003, in a lawsuit filed by plaintiff on January 17, 2003, against the Isle of Wight County School Board, Michael McPherson, and Theodore Durniak. J.S. v. Isle of Wight County School Board, No. 2:03cv53 (E.D. Va. Nov. 12, 2003). This lawsuit involved a different cause of action

and was based on different events than the instant suit. The parties consented to proceed before the magistrate judge on August 11, 2003. By order of August 12, 2003, the case was referred to the magistrate judge for all further proceedings, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

When a case is referred to a magistrate judge on consent of the parties under 28 U.S.C. § 636(c), the district judge cannot withdraw the referral upon motion of either party except under "extraordinary circumstances." 28 U.S.C. § 636(c)(4).[1] The court does not find that such extraordinary circumstances obtain here. See, e.g., Clay v. Brown, Hopkins & Stambaugh, 892 F. Supp. 11, 14 (D.D.C. 1995) (holding that allegations by litigants that the magistrate judge was biased do not amount to extraordinary circumstances); Dowell v. Blackburn, 776 F. Supp. 283, 285 (W.D. Va. 1991) (holding that plaintiff did not demonstrate extraordinary circumstances when he primarily argued that the magistrate judge had made rulings adverse to him); cf. Paddington Partners, Inc. v. Bouchard, 950 F. Supp. 87, 90 (S.D.N.Y. 1996) (holding that a referral should be vacated where the magistrate judge to whom the

---

[1] Title 28 U.S.C. § 636(c)(4) also permits the district judge to withdraw the referral "for good cause shown on its own motion." As it is the plaintiff requesting the court to vacate its referral, the "extraordinary circumstances" standard applies. In any event, the court finds neither "extraordinary circumstances" nor "good cause" to warrant vacating its referral to the magistrate judge in case number 2:03cv53.

9

parties had consented had since retired). Moreover, in Magistrate Judge Miller's Order of November 12, 2003, he stated that "[t]he Court shall retain jurisdiction of this matter to enforce the terms of this Final Order." Compl. Ex. A. The magistrate judge expressly retained jurisdiction over the previous case for purposes of enforcing the terms of the Final Order, and he clearly has jurisdiction to do so. See Fed. R. Civ. P. 70. For all of the above reasons, the undersigned district judge cannot and will not intervene in the previous case. Accordingly, Count II of plaintiff's complaint is dismissed without prejudice for plaintiff to refile it as a motion to enforce settlement before Magistrate Judge Miller in case number 2:03cv53.[2]

### D. Plaintiff's Retaliation Claim

Finally, plaintiff claims, in Count III of his complaint, that defendants Ron Reese and Michael McPherson retaliated against him in the exercise of his civil rights. Compl. at 8. However, plaintiff does not point to a federal statute or constitutional provision protecting someone in his situation from acts of retaliation. Plaintiff did not respond to defendants' contention that he failed to state a claim in Count III of his complaint.

---

[2] Moreover, this case is back before Magistrate Judge Miller on remand after appeal, pursuant to the Fourth Circuit's opinion in J.S. v. Isle of Wight County School Board, 402 F.3d 468 (4th Cir. 2005). Plaintiff appealed Magistrate Judge Miller's Opinion and Order of September 23, 2003, granting summary judgment to defendants on two counts of the complaint; the Fourth Circuit reversed in part, affirmed in part, and remanded in part. See id.

Plaintiff has, therefore, not stated a cause of action under § 1983 for this claim, and it is hereby dismissed.

### IV.  Conclusion

For the aforementioned reasons, defendants' motion to dismiss is **GRANTED** and plaintiff's complaint is ordered **DISMISSED**.  The Clerk shall send a copy of this Memorandum Opinion and Final Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

April 29, 2005